———————O———————

No. 4502.

(Court of Appeal, Parish of Orleans.)

SUCCESSION OF LEOPOLD TOIFEL.

Issues of fact only are involved herein.

Appeal from Civil District Court, Division "D."

Jos. F. Walton, for Succession.

Geo. J. Untereiner, for Appellant.

DUFOUR, J. In 1878, the property in controversy herein was adjudicated to Leopold Toifel at a sale in the succession of one Graff and his wife and the notarial act of sale confirming the adjudication was placed upon the public records.

In 1905, Toifel died and, his son, having applied for the administration of the succession, the widow opposed the application on the ground that her son was an unfit person and that, as widow in community, she was entitled to the appointment by preference.

The opposition having been rejected and the son, having qualified as administrator and obtained an order of sale to pay debts, was met by an injunction of Mrs. Toifel and daughter seeking to prevent the sale. The grounds for injunction are presented by the widow in an original and two supplemental petitions, the first of the three only being sworn to, and are in substance that the property was bought by her with her separate and paraphernal funds administered by her and that in recognition thereof, her husband had executed a written acknowledgment of the foregoing facts.

The daughter's allegation was that she had bought the property from her mother about a year after her father's death; the act of sale states that Mrs. Toifel acquired the property by inheritance from the Graffs, her father and mother, and that the title was placed in Toifel's name for convenience.

From a judgment dissolving the injunction, this appeal has been taken. We may properly pass by the various exceptions to the pleadings and objections to the testimony and view the case on its merits.

The first impression conveyed by the record is that this suit is the result of an unfortunate family quarrel and exhibits the existence of a disgusting bitterness of feeling. The next impression is the extreme weakness of the evidence which is adduced to rebut the legal presumption that property bought during the marriage and registered in the husband's name belongs to the community.

The alleged acknowledgment in writing has never been lost, it is said to have been in possession of the lawyer who drew it up for Toifel's signature, and he is unable to find it. His testimony as to the contents, given two years after the alleged execution, is that "the purport of the document was substantially to the effect that the property...was bought with money belonging to

324

Mrs. Toifel, her own separate money. "He could not at first recollect whether the document was in handwriting or type-writing, and he went to Toifel's bed of sickness, as Mrs. Toifel's attorney for the purpose of procuring the making of a will.

Miss Toifel states alternately that the document was an acknowledgment and that it contained the words, "I give and bequeath."

The secondary proof is most unsatisfactory.

Other peculiar circumstances surround the case.

In the act of sale to her daughter, the recital is made, that Mrs. Toifel acquired the property by inheritance, whereas in the pleadings and proof it is claimed that she bought it with her own money.

The time at which it is alleged the document was made is twenty-seven years removed from the date of purchase.

Without any more extended review of the record, we may say that we share the opinion of the trial judge that the case is a most extraordinary one.

The administration was not opposed on the ground that it was unnecessary and, even if there were no other creditor, there are forced heirs.

Judgment affirmed.

June 22, 1908.

Rehearing refused, June 30, 1908.

Writ denied by Supreme Court, Aug. 18, 1908.